```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JEANETTE GONZALEZ,                          :
                                            :
                        Plaintiff,          :
                                            :        **SUMMARY ORDER**
            -against-                       :        10-CV-2941 (DLI)
                                            :
COMMISSIONER OF SOCIAL SECURITY,            :
                                            :
                        Defendant.          :
-----------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

Barry Simon ("Mr. Simon"), counsel to plaintiff Jeanette Gonzalez ("Plaintiff") in this action, moves pursuant to 42 U.S.C. § 406(b) for an award of attorney's fees in the amount of $42,289.50. *See generally* Mem. in Supp. of § 406(b) Mot. ("Mot."), Dkt. Entry No. 31. The Commissioner of Social Security (the "Commissioner") opposes the motion, arguing that Mr. Simon's requested fees would constitute a windfall. *See generally,* Letter Response ("Opp."), Dkt. Entry No. 32. For the reasons set forth below, Mr. Simon's motion for attorney's fees is granted in part and Mr. Simon is awarded $21,144.75 in attorney's fees. Upon receipt of this award, Mr. Simon shall promptly refund to the Plaintiff $4,350.63, the amount counsel previously received under the Equal Access to Justice Act ("EAJA").

## **BACKGROUND**

On June 25, 2010, Plaintiff filed an appeal to challenge the final decision of the Commissioner, which denied Plaintiff's request for review of a September 21, 2009 decision of an Administrative Law Judge ("ALJ") concluding that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). *See* Compl, Dkt. Entry No. 1 ¶¶ 7-8. Pursuant to a fee agreement dated June 28, 2010, Plaintiff retained counsel to represent her in her pursuit of Social Security Disability ("SSD") benefits under the Act. *See* Affirmation of Barry Simon, ("Simon

Affirm."), Ex. 5 ("Fee Agreement"), Dkt. Entry No. 31. The Court reversed the Commissioner's decision and remanded the case for further administrative proceedings. *See* Order dated October 9, 2012. By written stipulation approved and "So Ordered" by the Court on October 12, 2012, the parties agreed to an award of $4,350.63 in attorney's fees under the EAJA. *See* Dkt. Entry No. 28. After the remand, the administrative proceedings resulted in favorable awards for Plaintiff. *See* Simon Affirm. Ex. 2. Mr. Simon requested $40,109 in attorney's fees for 76.65 work he performed at the administrative level, but received an award of $20,601.50. *See* Opp. at 1. Mr. Simon now moves for an additional $42,289.50 in attorney's fees for a total of 31.05 hours of work he undertook on behalf of Plaintiff at the district court level in this matter. *See* generally, Mot.; Simon Affirm. ¶ 2.

## DISCUSSION

Under 42 U.S.C. § 406(b) of the Act, a district court may award an attorney who successfully represents a claimant a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Where, as here, there is a contingency fee arrangement in place, "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Factors a courts should consider in determining whether a fee is unreasonable include: "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." *Kazanjian v. Astrue*, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing *Wells,* 907 F.2d at 372).

Here, the Court begins its reasonableness analysis with the contingency fee agreement itself, a straightforward one page document, executed prior to Plaintiff's rehearing before the ALJ, which provided that counsel would be entitled to a fee of 25% of the retrospective benefits to Plaintiff and Plaintiff's family. *See*, Fee Agreement. The fee agreement further provided that, should Plaintiff seek to abandon her claims, she agreed to pay a legal fee on a *quantum meruit* basis at a rate of $250 per hour. *See*, *Id.* On its face, the agreement is not unreasonable, as the 25% fee it entails is a standard contingent fee in Social Security cases. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 803 (2002) ("Characteristically . . . attorneys and clients enter into contingent-fee arrangements specifying that the fee will be 25 percent of any past-due benefits . . .") (internal quotation marks and citation omitted). Additionally, there is no indication in the record or allegations that the agreement is the product of fraud or overreaching or that Plaintiff's counsel caused a delay that inflated the requested fees. Therefore, the Court finds that the agreement is reasonable and should be enforced unless it results in a windfall to counsel.

The courts in this Circuit have identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall: (1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorney is demonstrated through non-boiler-plate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases. *See, e.g., Rowell v. Astrue*, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008) (quoting *Trupia v. Astrue*, 2008 WL 858994, at *4 (E.D.N.Y. March 27, 2008)). In addition, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Commissioner of*

*Social Security*, 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007).

Mr. Simon seeks an award of attorney's fees in the amount of $42,289.50 for 31.05 hours of work, calculating to an hourly rate of $1,361.98 per hour of work. Courts have reduced awards in circumstances analogous to the case here. *See, e.g., Rivera v. Berryhill*, 2018 WL 2436942, at *3 (E.D.N.Y. May 30, 2018) (reducing fees of $34,547.25 for 39.5 hours of work, resulting in an hourly rate of $874.61, to $19,750 in total fees); *Benton* 2007 WL 2027320, at *2-3 (reducing fees of $44,694.75 for 33.5 hours of work, resulting in an hourly rate of $1,334, to $15,000 in total fees); *Devenish v. Astrue*, 85 F. Supp.3d 634, 638-39 (E.D.N.Y. 2015) (reducing fees of $14,700 for 14.7 hours of work, resulting in an hourly rate of $1,000, to $5,145 in total fees).

Mr. Simon correctly asserts that courts in this Circuit have approved fee awards in the social security context that are above these market rates. *See, e.g., Barbour v. Colvin*, 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (approving $26,784 award for 44.7 hours of work for an effective hourly rate of $599); *Warren v. Astrue*, 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000.00 is a substantial sum for 38 hours of work [i.e., $657 hourly rate], it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."). However, this Court must use its discretion to determine "whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372.

The requested fee award of $42,289.50 would constitute an unreasonable amount of fees to Plaintiff's counsel. Instead, an award of $21,144.75 would adequately compensate Mr. Simon for the time that he spent on the case, the risks that he accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result he obtained for his client. Furthermore, this fee amount, which translates into an hourly rate of $680.99, compensates Mr.

4

Simon well above the market rate. Lastly, the Court's award of $21,144.75 satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals. *See, e.g., Muniz v. Astrue*, 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011) ("Further, an award of fees of this sum—amounting to an hourly rate of $333.33—satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation.").

Finally, although fees are permitted under both the EAJA and § 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht,* 535 U.S. at 796 (internal citation and quotation marks omitted). Here, Plaintiff's counsel recovered $4,350.63 in attorney's fees under the EAJA and must return that amount to Plaintiff from the payment awarded under § 406(b).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's counsel's motion for attorney's fees is granted in part, and attorney's fees are awarded in the amount of $21,144.75 pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel is directed to remit to Plaintiff the $4,350.63 previously awarded as attorney's fees under the EAJA.

SO ORDERED.

Dated: Brooklyn, New York
April 5, 2019

/s/
DORA L. IRIZARRY
Chief Judge